UNITED STATES DISTRICT COURT
D.C. DISTRICT

FILED
JAN 18 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ADAM L. MALINSKI,
#07324-089
USP
POB 305
JONESVILLE, VA. 24263
            PLAINTIFF,

-V-

FEDERAL BUREAU OF PRISONS,
HARLEY LAPPIN,
            DEFENDANTS.

Case: 1:08-cv-00105
Assigned To : Unassigned
Assign. Date : 1/18/2008
Description: Pro Se General Civil

Complaint

PETITION FOR BIVENS ACTION

This is a civil action brought pursuant to Bivens -V- Six Unknowen Named Agents Of The Federal Bureau Of Narcotics, 403 U.S. 388 1971. The court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 2201. Plaintiff is confined at lee county federal prison box 305 Jonesville,Va 24263. Harley Lappin and the federal bureau of prisons at HOLC building 320 First St. N.W. Washington, D.C. 20534.

FACTS/GROUNDS FOR RELIEF

Count 1. For the past two months I, Plaintiff, have been trying to get the bureau of prisons to comply with 18 U.S.C. §3624(d) and put $500.00 in plaintiff's account and a suit,shirt, tie,belt,shoes and bus fair to Milwaukee, Wisconsin. Due to the fact plaintiff is indigent and plaintiff is scheduled to be released from prison in a few months. Plaintiff has sent prison staff request slips and two complaint forms to collect his money, clothes and bus fair. Prison employees refuse to comply with 18 U.S.C. §3624(d),and state that plaintiff is making absurd and childish claims. The bureau of prisons has taken the irresponsible course of paying plaintiff between $00.00 and $5.00 per month on average. This gos to plaintiff's indigence. Plaintiff is kept at a permanent grade 4 (lowest) on pay. Not more than 55 percent of the institution's allotted work assignments can be grade 4, per 28 C.F.R. §545.26(f). 90 percent or more of allotted work assignments are kept at a permanent grade 4. This also gos to plaintiff's indigence.

Count 2. On 12-5-2007 plaintiff gave prison staff his second BP-8 complaint form about the issues of count one of this Bivens action. Prison employees refuse to process the BP-8 and the other Bp-8 filed with prison staff before 12-5-2007, in violation of the 1st and 14th Amendments to the U.S. Constitution and 28 C.F.R. §542.10 thru 542.19. The federal bureau of prisons has a long reprehensible history of throwing out all law and procedure. The bureau of prisons and staff therein, deliberately engage in fraud and deceit as much as possible on everything from A to Z. It's appalling. The 116 federal prisons in the United States are rife with Constitutional, civil rights and statutory violations. All federal prisons are poorly operated and managed. All federal prisons are badly overcrowded, violent, unsafe and inhumane. All federal prisons are the government's poverty initiative. That is, to create

RECEIVED
DEC 26 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

1

and spread poverty. In any case, Harley Lappin is allegedly the supervisor of the federal bureau of prisons. Allegedly making sure everything is aboveboard in the 116 federal prisons. In fact, Harley Lappin is a absentee supervisor who's indiffernce and negligence is breathtaking. The illusory administrative remedies in all federal prisons is handled in one of two ways. Prison employees refuse to give out grievance forms or refuse to process grievance forms that were given out. All grievance forms are kept under lock and key. Prisoners do not have free access to grievance forms. 42 U.S.C. §1997(e)(a) prevents a legal action from being filed untill such administrative remedies are exhausted. 42 U.S.C. §1997 (e)(b) prevents a lawsuit for not having administrative remedies. The statutes are in conflict and override or usurp Constitutional protections under the 1st, 7th, and 14th Amendments to the U.S. COnstitution. The prison litigation reform act does not have provisions (unconstitutional) for when there are no administrative remedies, or administrative remedies that are so deliberately undermined, that it's tantamount to no administrative remedies. Like within the federal bureau of prisons.

Count 3. On 7-6-07 plaintiff was placed in segregation at Lee County Federal Prison for approximately 30 days. While in segregation, Plaintiff was subjected to a host of violations. 1. All toilets in segregation were unlawfully jerry-rigged so the toilets can be flused only from outside the cell by prison guards. This unlawful toilet modification is a deliberate violation of 28 C.F.R. §541.21(b), 18 U.S.C. §4042 (requires suitable quarters). This unlawful cell modification subjects prisoners to health hazards, stench and cruel and unusual punishment. A 8th Amendment violation. 2. No cleaning supplies are given out in segregation to clean cells, toilets and sinks. This is in violation of 28 C.F.R. §541.21(1). 3. Plaintiff was not allowed access to a law library nor his legal materials nor legal copies made. No legal aid program is in use for segregation prisoners. A violation of 28 C.F.R. §543.15. 4. Prisoners in segregation are not allowed to use the grievance process in violation of 28 C.F.R. §542.10 thru 542.19. 5. Plaintiff was not allowed free indigent postage and envelopes in violation of 28 C.F.R. §540.21(b),(e).

Count 4. The federal bureau of prisons has stripped most of plaintiff's halfway house time from plaintiff. 18 U.S.C. §3624(c) requires plaintiff have at least six months in a halfway house. Plaintiff has been cut down to about two weeks of halfway house time.

Count 5. The code of federal regulation part 547 (food service) is unconstitutionally vague. There is nothing listed on portion size, nutrition guidelines, types of food, how offten a type of food should be served nor requirements on variety of food. Without needed guidelines prisoners are subject to the arbitrary, capricious dictates of the federal bureau of prisons on the issue of food. The food at lee county federal prison and all other federal prisons has gone from mediocre to lousy in the past two years. A steady (twice everyday) diet of

rice, beans, lettuce, stale-fermented salad dressing and pans of nasty pureed vegetables is served along with over cooked, under cooked gruel/items. Hot breakfasts were recently eliminated. The so-called breakfast now is stale cereal almost everyday. Every Friday it's yellow gruel day for for breakfast. The alleged cereal is somekind of ulta low grade bulk feeder cereal that is okay for livestock but not humans. The bulk feeder cereal is from Mexico and does not meet U.S.D.A., F.D.A. regulations and guidelines. Sugar was recently eliminated from prisoner's menu and replaced with sugar substitute with Saccharin (cancer risk). The defendants have become obsessed with trying to bust the cost of each prisoner so-called meal down to around 15 cents per meal. One clear problem is there is no independent oversight of bureau of prisons operations. The bureau of prisons policing the bureau of prisons is a total failure. A common and unlawful tactic employed by the defendants at all federal prisons, is to foist old junk food products/items on prisoners. Food products/items that are sometimes a year or more past it's expiration date(s). Cited old junk food products/items are obtained at little or no cost. Food service manual (policy statement 4700.03) has been declared a secret document by the defendants. No prisoner is allowed to look at the food service manual. All other federal prisons around the United States have appalling food too. If the word 'food' can be stretched that far. The alleged food is clearly being used to punish and harass prisoners. There is no health inspector checking the food service areas at any federal prison. The federal bureau of prisons has no posted mission statement and no mission except tormenting prisoners. The alleged meals are offten falsified in that the meals don't match the posted menu. The bureau of prisons is imprisoned in it's intellectual bubble and impervious to facts that creates cognitive, common sense action. Much of the alleged food comes from 'mystery suppliers', low bid and free garbage off the internet. It's also clear much of the alleged food served at all federal prisons could never be sold at any store in society nor served at any cafeteria in society, so it's foisted on prisoners. The cost of each meal per prisoner has unlawfully been cut down to approximately 50 cents for breakfast per prisoner and one dollar (or less) for lunch and supper per prisoner. For a total of approximately $2.50 per day (or less) per prisoner. The only way to feed a person on that little per day, considering the high cost of food and shipping now, is to use sub-standard food products that can hardly be given away and eliminate almost everything. The code of federal regulation part 547 does not have any minimum spending requirement per meal per prisoner. There must be a monthly posting for prisoners that show how much is being spent per meal per prisoner each day of the month for some accountability. That would be a one page document posted every month for any prisoner or official to review. The federal bureau of prisons has a yearly budget of 4.6 billion dollars a year at this point in time. The spending for food should be two dollars per meal per prisoner for breakfast, and five dollars per meal (each) for lunch and supper. For a $12.00 per day per prisoner

3

total. With periodic increases to adjust for inflation. The food service situation and the defendants are in violation of 18 U.S.C. §4042 (requires proper care of federal prisoners), and the 8th Amendment to the U.S. Constitution, cruel and unusual punishment.

Count 6. The defendants have refused to install electronic E-mail for prisoners to use at lee county federal prison. In fact, a number of federal prisons have E-mail for prisoners to use. A system called trust fund limited communication system (TRULINGS). Not having (TRULINGS) at lee county federal prison is a denial of equal protection and a first amendment violation. First Amendment protects material disseminated over the internet as well as by means of communication devices used prior to the high-tech era. Reno -V- A.C.L.U., 521 U.S. 844. Some of the benefits of (TRULINGS) is: Provides prisoners with a low cost ($.05 per minute, $.15 per printed page) way of communication, reduces the amount of paper mail that has to be processed and currently allows E-mail to attorneys. Prisoners and their families are subject to unlawful price gouging on telephone rates. There should be an alternative way to communicate. In fact, there is a computer room with 25 computers (no printer) for prisoners to use at lee county federal prison. The computers are seldom used by anyone because there is little on the computers, but a basic typing program and simulated internet access program. (TRULINGS) must be expanded to include E-mail to any state or federal court, any state or federal legislature, any news media outlet, file prison complaints at the institution level, regional director and general counsel levels, and for electronic paperless filings in any state or federal court in the United States.

Count 7. The prisoner commissary trust fund is rife with violations. There is no yearly audit of the trust fund. If there is a audit, it's all secret information no one is allowed to see. Some of the violations/abuses of the trust fund by the defendants are: Refusal to make a good faith effort to provide federal prisoners with the right of obtaining merchandise and service either not provided by the federal bureau of prisons or of a different quality than that provided by the bureau of prisons. Using trust fund profits to purchase items ordinarily procured from funds appropriated by congress for the care of prisoners. A violation of 31 U.S.C. §1321(b)(1), Maydak -V- U.S. ,363 F.3d 512. Refusing to provide prisoners prizes and awards such as soft drinks, snacks (such as popcorn,chips,ice cream) or other non-property items for field day events, recognition gatherings,talent shows, and bingo. Refusing to provide educational tapes and books,board games,entertainment such as guest speakers,plays and musical groups,special meals etc. Federal prison policy statement 4504 gives quite a long list of things prisoners should be receiving with their trust fund money. The trust fund money belongs to federal prisoners. The federal bureau of prisons and all staff therein, have taken the liberty of seizing 99% or more of the prisoner trust fund and adopting the money as their own. There is no profit sharing with prisoners as required by policy statement.

Prisoner pay is not augmented via the trust fund as required by policy statement. In any case, federal prisoners (and plaintiff) are receiving nothing from the trust fund. Prisoners are given no choices of anykind regarding what the trust fund money is spent on. This is in violation of 31 U.S.C. §1321 which states, "since trust funds are to be disbursed in compliance with the terms of the trust and one of the terms requires prisoner's consent to any disbursement, prison officials have no right to withdraw trust funds without prisoner's signed approval". The defendants have never received plaintiff's signed approval about any trust fund issues. The defendants keep the terms of the prisoner trust fund a secret. Most prisoners don't know there is a trust fund. Most or all of the trust fund is unlawfully being used to subsidize prison operations and perks for prison staff. That was never the intended purpose of the trust fund when it was established by congress in 1934.

                              RELIEF REQUESTED

Plaintiff is seeking one million dollars for all seven counts for general damages and punitive damages. All court costs and filing fees recovered from defendants. Schedule a jury trial forthwith. Appoint counsel to plaintiff, and any other relief the court deem appropriate.

Plaintiff declares under the penalty of perjury that the foregoing is true and correct.


Dated: 12-20-07

                                                     Pro se petitioner,

                                                     adam Malinski

5